IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CT-3125-FL

| | | |
|---|---|---|
| DOMENICO LOCKHART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NORA HUNT, J.C. HUGGINS, | ) | |
| CAPTAIN MELISSA EVANS, CAPTAIN | ) | |
| WALTER WARD, OFFICER BILLY | ) | |
| RAY POWELL, and ERIK A. HOOKS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion to dismiss (DE 23), which the court construes as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Also before the court is plaintiff's motion to withdraw to make corrections and resubmit (DE 27). The motion for summary judgment was briefed fully and in this posture the issues raised are ripe for ruling. For the reasons that follow, the court grants the motion for summary judgment, dismisses plaintiff's claims without prejudice, and grants in part and denies in part the motion to withdraw.

**STATEMENT OF THE CASE**

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on March 31, 2020, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants failed to protect him from an assault by other inmates, in violation of the Eighth Amendment to the United States Constitution. As relief, plaintiff seeks

compensatory and punitive damages, and various forms of injunctive relief.

On March 18, 2021, defendants filed the instant motion to dismiss, supported by declaration of Alex Williams, counsel for defendants. Defendants argue plaintiff failed to exhaust administrative remedies before filing this action. On March 22, 2021, the court notified plaintiff that it may construe the motion as one for summary judgment and provided plaintiff with instructions for responding to the motion, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff responded in opposition, and defendants replied.

On April 20, 2021, plaintiff filed the instant motion to withdraw to make corrections and resubmit. By this motion, plaintiff requests that the court dismiss his claims without prejudice in the event the motion to dismiss is granted, and also that the court order correctional officials to accept his grievances about the claims at issue. Defendants did not respond to this motion.

**COURT'S DISCUSSION**

A.  Standard of Review

Where defendants' motion to dismiss relies on matters outside the pleadings, the court construes the motion as one for summary judgment. See Fed. R. Civ. P. 12(d). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita

Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation omitted).

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law

should be denied. Id. at 489–90.

   2.   Analysis

As noted, defendants raise the affirmative defense that plaintiff failed to exhaust administrative remedies prior to filing this action. The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory, and the court therefore may not excuse failure to exhaust, even to take special circumstances into account. Ross v. Blake, 136 S. Ct. 1850, 1856 (2016); Woodford v. Ngo, 548 U.S. 81, 83-85 (2006). A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001).

Administrative exhaustion is "defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007). And the PLRA mandates "proper exhaustion" meaning "untimely or otherwise procedurally defective administrative grievance[s] or appeal[s,]" as determined by the correctional institution's procedural rules, do not satisfy the PLRA's exhaustion requirement. Woodford, 548 U.S. at 83, 90. Thus, an inmate properly exhausts administrative remedies only if he receives a decision "on the merits" of his grievance and complies with all procedural requirements for appealing the result. See id. at 90.

The North Carolina Department of Public Safety ("DPS") has a three-step administrative remedy procedure ("ARP"), which inmates must complete to exhaust administrative remedies. See DPS, Policy & Procedure Manual, Subchapter G, § 0300 et seq., available at https://www.ncdps.gov/adult-corrections/prisons/policy-procedure-manual; see also Moore v.

4

Bennette, 517 F.3d 717, 721 (4th Cir. 2008) (describing policy).[1] The ARP first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. ARP § .0301(a). If informal resolution is unsuccessful, the ARP provides that any inmate in DPS custody may submit a written grievance on Form DC-410. Id. § .0310(a). If the inmate is not satisfied with the decision reached at the step one level of the grievance process, he may request relief from the facility head. Id. § .0310(b)(1). If the inmate is not satisfied with the decision reached by the facility head, he may appeal his grievance to the Secretary of Public Safety through the inmate grievance examiner. Id. § .0310(c)(1). The decision by the inmate grievance examiner or a modification by the Secretary of Public Safety shall constitute the final step of the ARP. Id. § .0310(c)(6).

Finally, the PLRA provides that an inmate must exhaust "available" administrative remedies. See 42 U.S.C. § 1997e(a); Ross v. Blake, 578 U.S. 632, 642–44 (2016). Exhaustion is therefore not required where the administrative remedy procedure is unavailable to the inmate. Ross, 578 U.S. at 642–44. An administrative remedy procedure is unavailable if: 1) "it operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; 2) when it is "so opaque that it becomes, practically speaking, incapable of use"; and 3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id.

Here, plaintiff admits he did not exhaust administrative remedies prior to filing this action. (See Pl.'s Mem. (DE 28) at 3). Plaintiff argues that he should be excused from his failure to

---

[1] The ARP is a publicly available governmental record, the authentication of which is not questioned by the parties. Accordingly, the court may take judicial notice of the policy when resolving the instant motion. See Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Fauconier v. Clarke, 652 F. App'x 217, 220 n.4 (4th Cir. 2016).

5

exhaust because he alleges imminent danger of serious physical injury. As noted above, the only exception to the exhaustion requirement is where administrative remedies are unavailable to the inmate. Ross, 578 U.S. at 638–42. And plaintiff's allegations of imminent danger do not establish that the DPS administrative remedy program was unavailable to him.[2] (See Pl.'s Mem. (DE 28) at 6–16). Finally, plaintiff's argument that he was not aware of the administrative exhaustion requirement also does not establish the procedure was unavailable to him. See Ross, 578 U.S. at 641–44. Accordingly, plaintiff has not established grounds for excusing his failure to exhaust.

Plaintiff also moves to withdraw his complaint and make corrections. This motion is granted insofar as plaintiff requests that the court dismiss the action without prejudice to refiling after he exhausts administrative remedies. The court, however, cannot direct DPS to make exceptions to its administrative remedy policies and allow plaintiff to file untimely or otherwise procedurally defective grievances. Woodford, 548 U.S. at 90 (explaining proper exhaustion is defined by the institution's administrative rules). Plaintiff must seek such relief directly from DPS officials, and the motion in this part is denied.

## CONCLUSION

Based on the foregoing, defendants' motion to dismiss (DE 23), construed as a motion for summary judgment, is GRANTED. Plaintiff's claims are DISMISSED without prejudice. Plaintiff's motion to withdraw to make corrections and resubmit (DE 27) is GRANTED in part

---

[2] In addition, plaintiff is conflating two distinct legal concepts. The imminent danger exception permits inmates with "three strikes" to file civil actions in the district court without prepaying the filing fees. See Tolbert v. Stevenson, 635 F.3d 646, 647 (4th Cir. 2011); Banks v. Hornak, 698 F. App'x 731, 734–35 & n.2 (4th Cir. 2017). But all inmates, including those who allege imminent danger of serious physical harm, must exhaust administrative remedies prior to bringing suit. See 42 U.S.C. § 1997e(a).

and DENIED in part on the terms set forth above.   The clerk is DIRECTED to close this case.

SO ORDERED, this the 23rd day of March, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge